KIM F. MALLORY, Esq. State Bar No.159870
4980 APPIAN WAY, SUITE 203
EL SOBRANTE, CA 94803
(510) 223-3657 FAX (510) 223-3652

Attorney for Plaintiffs
Americans with Disabilities Advocates,
JOSEPH S. TACL and GEORGE S. LOUIE

ORIGINAL
F I L E D

FEB 2 6 2003

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

C 03 0838 MMC

| | |
|---|---|
| AMERICANS WITH DISABILITIES ADVOCATES, a Nevada Nonprofit Corporation, JOSEPH S. TACL and GEORGE S. LOUIE<br><br>Plaintiffs,<br><br>vs.<br><br>BETH ENTERPRISES LLC dba VALERO GAS STATION and JERRY BETH, 186 DRY CREEK ROAD, HEALDSBURG, CA<br><br>Defendants. | Case No.:<br><br>**CIVIL RIGHTS**<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DISCRIMINATION AGAINST PERSONS WITH DISABILITIES; AMERICANS WITH DISABILITIES ACT OF 1990; CAL. CIVIL CODE §§54, ET SEQ.; CAL. CIVIL CODE §§51, ET SEQ.; CAL. CIVIL CODE §3345;CAL. HEALTH & SAFETY CODE §§19955, ET SEQ.; CAL. BUS. & PROF. CODE §17200, ET SEQ.; NEGLIGENCE; DECLARATORY RELIEF; DAMAGES FOR PERSONAL INJURY**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiffs complain of Defendants herein and allege that:

AMERICANS WITH DISABILITIES ADVOCATES is a Nevada Nonprofit Corporation

organized with the principal purpose of helping to eliminate discrimination against individuals

with disabilities by ensuring public facilities are in compliance with laws intended to provide

access to housing, public buildings, transportation, goods and services and to make sure that

people with disabilities are treated with dignity.

1    In addition, AMERICANS WITH DISABILITIES ADVOCATES ensures that disabled

2  persons are offered the same opportunities extended to people without disabilities and helps to

3  educate persons with disabilities about the laws related to them.

4    Members of AMERICANS WITH DISABILITIES ADVOCATES are primarily

5  individuals with disabilities and persons related to individuals with disabilities.  Membership

6  includes residents throughout the United States.

7    As a result of their disabilities, certain accommodations are necessary to allow

8  AMERICANS WITH DISABILITIES ADVOCATES members access to public buildings,

9  transportation, goods and services.

10    AMERICANS WITH DISABILITIES ADVOCATES is committed to serving the needs

11  of all disabled people and fully supports the Americans With Disabilities Act of 1990, California

12  Disabled Persons Act and Unruh Civil Rights Act.

13    AMERICANS WITH DISABILITIES ADVOCATES believes the goals and objectives

14  of these laws will enhance the quality of our society, that the American economy will be made

15  stronger by businesses that reach out to include all segments of the population, and that these

16  laws ultimately help to invigorate the economy by bringing more individuals with disabilities

17  into the consumer mainstream. It is also AMERICANS WITH DISABILITIES ADVOCATES'

18  belief that meaningful efforts to do so will offer many citizens more opportunities to participate

19  fully in the economic and social mainstream. There can be no question that the Americans With

20  Disabilities Act, passed in 1990, established as law the nation's interest in eradicating the bigotry

21  and barriers faced by individuals with disabilities 42 U.S.C. §12101 et seq (hereafter "ADA").

22  In fact, the ADA states its first goal as being "to provide a clear and comprehensive national

23  mandate for the elimination of discrimination against individuals with disabilities." See, 42

24  U.S.C. §12101 (b) (1) (1999).  The ADA creates the possibility that successful Plaintiffs may

25  establish permanent changes in the design and physical configuration of structures to better

26  accommodate the disabled 42 U.S.C. §12101 (A) (5).  The benefits of each change clearly

27  rebound not only to Plaintiffs themselves, but also to similarly situated disabled persons, and the

28  entire society at large.  Plaintiffs or Plaintiffs' classes who bring suit pursuant to the ADA do so

1  in the role of "private attorneys general" who seek to vindicate "a policy of the highest priority"

2  See, Christiansburg Garment Co v EEOC, 434 U.S. 412, 417, 98 S.Ct. 694, 698 (discussing

3  ADA Plaintiffs as private attorneys general); Rosenberg v Merill Lynch, Pierce, Fenner & Smith,

4  Inc., 170 F.3d 1, 11 (1st Cir, 1999).

5  BETH ENTERPRISES LLC DBA VALERO GAS STATION AND JERRY BETH provides

6  inadequate access to people with disabilities, including, inter alia:. This station has a 4 inch step

7  all the way around the perimeter making access for a wheel chair rider to the store and  restroom

8  impossible, a violation of ADAAG section 4.1.291) and Title 24 1133B.1.1.1.1.  The one space

9  they have provided for accessible parking does not have any enforcement signs, a violation of

10  ADAAG section 4.6.4(2) and Title 24 1129B.5.  This international symbol has faded so much it

11  was difficult to see, a violation of ADAAG section 4.30.7(1). They have not provided for Van

12  Accessible parking, a violation of ADAAG section 4.1.2.5(b) and Title 24 1129B.5.  There is a 2

13  inch step into the restroom, a violation of ADAAG section 4.13.8 and Title 24 1003.3.3.1.3.

14  The restroom door has a twist and turn lock, a violation of ADAAG section 4.13.9 and Title 24

15  1502.0.  There is not enough clear space for a wheelchair rider to get into or out of the restroom

16  or use the water closet, a violation ADAAG section 4.16.2 and 4.13.6, Title 24 1133B.2.4.2

17  There are 3 public phones that are all inaccessible. They are located in booths that are too small

18  to accommodate a wheel chair. They are also blocked by standing yellow posts. These are

19  violations of ADAAG section 4.31 and Title 24 1117B.2.2.  See Exhibit A, Outside signage of

20  this facility; See Exhibit B, Improper handicapped accessible parking, there is no handicap

21  signage and no van accessible parking; See Exhibit C, Inaccessible path of travel into store due

22  to an 4-inch step blocking the path of travel; See Exhibit D, Inaccessible public pay phones,

23  these public phone booths are too small for wheelchair accessibility;  See Exhibit E, Inaccessible

24  path of travel to restroom facility  due to an 2-inch step into the path of travel; See Exhibit F,

25  Improper restroom door fixture, the restroom door has a twist and turn knob.  Because of these

26  barriers, entering this facility was impossible for persons with mobility disabilities, such as the

27  Plaintiffs, to gain access to this facility.

28

### JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1343(a)(3) and 1343(a)(4) for claims arising under the Americans With Disabilities Act of 1990, 42 U.S.C. sections 12101, et. seq.  Plaintiffs' cause of action arose in this district. BETH ENTERPRISES LLC DBA VALERO GAS STATION AND JERRY BETH are residents of HEALDSBURG, California.

Under the doctrine of pendant and supplemental jurisdiction, this Court has jurisdiction over Plaintiffs' claims arising under California State law.

### VENUE

3.  Pursuant to 28 U.S.C. section 1391(b), venue is proper in the District in which this complaint is filed, which is the judicial district in which the claims have arisen. BETH ENTERPRISES LLC DBA VALERO GAS STATION AND JERRY BETH  is a California corporation and/or business.

### PARTIES

4.  Plaintiff GEORGE S. LOUIE is an individual with a physical disability within the meaning of all applicable statutes, including the ADA, 42 United States Code section 12101, et seq., California Civil Code sections 54 et. seq., California Business and Professions Code sections 17200, et seq., and California Health and Safety Code sections 19955, et seq.  Plaintiff GEORGE LOUIE is a physically disabled or "physically handicapped" person who often requires use of a wheelchair to travel about in public places. Mr. LOUIE is a diabetic whose physical conditions required the amputation of his right leg in 1996. Although he sometimes can walk with the aid of a prosthesis, at other times difficulties with sores on the stump of his amputated leg, make use of the prosthesis difficult or impossible and requires that he use a wheelchair in order to travel about in public.   Plaintiff JOSEPH S. TACL is an individual with a physical disability within the meaning of all applicable statutes, including the ADA, 42 United States Code section 12101, et seq., California Civil Code sections 54 et. seq., California Business

and Professions Code sections 17200, et seq., and California Health and Safety Code sections 19955, et seq. Plaintiff JOSEPH S. TACL is a physically disabled or "physically handicapped" person who often requires use of a wheelchair to travel about in public places. Mr. TACL was a pedestrian and hit by a van on September 7, 1993. As the result of this accident, his lower back was shattered and 32 inches of titanium was placed in his back, leaving him in constant pain and unable to use his legs on a regular basis. Although he sometimes can walk with the aid of a cane, at other times the difficulty with his back injuries makes use of the cane difficult or impossible and requires that he use a wheelchair in order to travel about in public.

5. Defendants BETH ENTERPRISES LLC DBA VALERO GAS STATION AND JERRY BETH, are located in HEALDSBURG, CA, is a for-profit partnership that owns, operates, maintains and/or controls retail establishments located in the City of HEALDSBURG, County of SONOMA, State of California.

6. Plaintiffs are informed and believe, and therefore allege, that BETH ENTERPRISES LLC DBA VALERO GAS STATION AND JERRY BETH business was newly built and/or underwent substantial remodeling, repairs or alterations after 1971.

7. Defendants have known that BETH ENTERPRISES LLC DBA VALERO GAS STATION AND JERRY BETH violated disability access requirements and standards, but have refused to rectify the violations.

## FACTUAL ALLEGATIONS

8. GEORGE S. LOUIE is the Executive Director of the AMERICANS WITH DISABILITIES ADVOCATES and is a physically disabled person who uses a wheelchair for mobility. JOSEPH S. TACL is a Member of the AMERICANS WITH DISABILITIES ADVOCATES and is a physically disabled person who often uses a wheelchair for mobility.

9. Within 8 months before the filing of this complaint, Plaintiffs JOSEPH S. TACL and GEORGE S. LOUIE attempt to visit VALERO GAS STATION.

10. Plaintiffs will visit this facility on a regular basis when it comes into compliance with state and federal law.

11. Defendants own, operate and/or maintain a public accommodation as BETH ENTERPRISES LLC DBA VALERO GAS STATION AND JERRY BETH located in the City of HEALDSBURG, County of SONOMA, and State of California. This case arises out of Defendants' failure to provide the minimum legally required access to its public accommodations for persons with disabilities.

12. BETH ENTERPRISES LLC DBA VALERO GAS STATION AND JERRY BETH have the following violations:

    a. This station has a 4 inch step all the way around the perimeter making access for a wheel chair rider to the store and  restroom impossible a violation of ADAAG section 4.1.291) and Title 24 1133B.1.1.1.1

    b. The one space they have provided for accessible parking does not have any enforcement signs a violation of ADAAG section 4.6.4(2) and Title 24 1129B.5

    c. This international symbol has faded so much it was difficult to see a violation of ADAAG section 4.30.7(1)

    d. They have not provided for Van Accessible parking a violation of ADAAG section 4.1.2.5(b) and Title 24 1129B.5

    e. There is a 2 inch step into the restroom a violation of ADAAG section 4.13.8 and Title 24 1003.3.3.1.3

    f. The restroom door has a twist and turn lock a violation of ADAAG section 4.13.9 and Title 24 1502.0

g. There is not enough clear space for a wheelchair rider to get into or out of the restroom or use the water closet a violation ADAAG section 4.16.2 and 4.13.6, Title 24 1133B.2.4.2

h. There are 3 public phones that are all inaccessible. They are located in booths that are too small to accommodate a wheel chair. They are also blocked by standing yellow posts. These are violations of ADAAG section 4.31 and Title 24 1117B.2.2.

13.  The inaccessibility of BETH ENTERPRISES LLC DBA VALERO GAS STATION AND JERRY BETH to persons with disabilities is illegal, degrading and humiliating.

14.  Many of the actions which Defendants failed to make BETH ENTERPRISES LLC DBA VALERO GAS STATION AND JERRY BETH accessible to persons with disabilities were readily achievable, required by law and would have greatly assisted persons with disabilities at little expense to Defendants.

15.  Because of these barriers, entering this facility was impossible for persons with mobility disabilities, such as the Plaintiffs, to gain access to this facility.

16.  California's Unruh Civil Rights Act, Civil Code Section 52(a) reads as follows: Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5 or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000.00), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6. Amended January 1st, 2002.

17.  The Attorney General of the State of California believes that the former $1,000.00 damage award is unlikely to have sufficient deterrent effect on the discriminatory practices of a

large company. Defendants may have had hundreds or thousands of transactions that violated the Americans with Disabilities Act of 1990 and the California's Unruh Civil Rights Act and which would have unjustly enriched them. Thus, the prospect of paying an occasional four thousand dollars ($4,000.00) damage award due to a discriminatory practice may be calculated as an absorbable cost of doing business. The minimum amount was increased to at least $4,000.00. See California's Unruh Civil Rights Act Section 52(a), Amended January 1st, 2002. This legislation was supported by California Attorney General, Anti-Defamation League and California School Employees Association.

18. The United States Court of Appeals for the Ninth Circuit in <u>Botosan</u> vs. <u>Paul McNally Realty</u>, 216 F.3rd 827 at 835 (June 20, 2000) held that, "Consumer was entitled to award of statutory minimum damages under California's Unruh Civil Rights Act, even without prove of actual damages", and "Proof of actual damages is not prerequisite to recovery of statutory minimum damages under California's Unruh Civil Rights Act." West's Ann.Cal.Civ.Code §52.

## FIRST CLAIM

### (Violation of the Americans With Disabilities Act)

19. Plaintiffs incorporate by reference herein the allegations in paragraphs 1-18, inclusive.

20. Defendants' acts and omissions alleged herein are in violations of the ADA, 42 U.S.C. sections 12101, et. seq., and the regulations promulgated thereunder, 28 Code of Federal Regulations Part 36.

21. BETH ENTERPRISES LLC DBA VALERO GAS STATION AND JERRY BETH is a public accommodation covered by Title III of the ADA.

22. Defendants have failed to remove barriers to be accessed by persons with disabilities at BETH ENTERPRISES LLC DBA VALERO GAS STATION AND JERRY BETH where removal of such barriers is readily achievable.

23. Defendants have failed to provide necessary auxiliary aids and services at BETH ENTERPRISES LLC DBA VALERO GAS STATION AND JERRY BETH where provision of such auxiliary aids and services does not pose an undue burden.

24. Defendants have failed to modify policies and procedures at BETH ENTERPRISES LLC DBA VALERO GAS STATION AND JERRY BETH to ensure equal access for persons with disabilities.

25. Defendants' conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, Defendants will continue to violate said law. Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiffs have no adequate remedy at law. Consequently, Plaintiffs are entitled to injunctive relief pursuant to section 308 of the ADA (42 U.S.C. §12188). Plaintiffs are also entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## SECOND CLAIM

(Violation of Cal. Civ. Code §§54, et. seq.)

26. Plaintiffs incorporate by reference herein the allegations in paragraphs 1-27, inclusive.

27. The SUBJECT FACILITY constitutes a public accommodation within the meaning of California Civil Code sections 54.1 and 54.3.

28. Defendants have violated Plaintiffs' rights by denying them full and equal access to and use and enjoyment of BETH ENTERPRISES LLC DBA VALERO GAS STATION AND JERRY BETH   and in doing so, Defendants have acted willfully and maliciously.

29. Defendants' actions constitute a violation of Plaintiffs' rights under California Civil Code sections 54, et. seq., and therefore, Plaintiffs are entitled to injunctive relief remedying the violations. Plaintiffs are also entitled to damages under California Civil Code section 52(a).

30. Plaintiffs are also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

### THIRD CLAIM

(Violation of Cal. Civ. Code §§51,and §§52(a) et.seq.)

31.  Plaintiffs incorporate by reference herein the allegations in paragraphs 1-32, inclusive.

32.  The conduct of Defendants is in violation of California Civil Code sections 51, et. seq., the Unruh Civil Rights Act, in that patrons of the SUBJECT FACILITY who have physical disabilities have either not been provided services and facilities that are provided to other persons or have been provided services and facilities that are not equal to, and are inferior to, the services provided to persons who do not have disabilities.

33.  Defendants have committed additional violations of the Unruh Civil Rights Act, in that the conduct alleged herein constitutes a violation of various provisions of the ADA, 42 U.S.C. sections 12101, et. seq., as set forth below.

34.  The conduct of the Defendants was and is in violation of the Unruh Civil Rights Act, California Civil Code sections 51, et. seq., and therefore Plaintiffs are entitled to injunctive relief remedying the violations.  Plaintiffs are also entitled under California Civil Code section 52 to damages.

35.  Plaintiffs are also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

### FOURTH CLAIM

(Violation of Cal. Health &
Safety Code §§19955, et. seq.)

36. Plaintiffs incorporate by reference herein the allegations in paragraphs 1-37, inclusive.

37. The SUBJECT FACILITY is a public accommodation within the meaning of California Health and Safety Code section 19955 and Defendants have constructed and/or altered the SUBJECT FACILITY within the meaning of California Health and Safety Code section 19959.  The actions of Defendants constitute a denial of access to and use of the SUBJECT FACILITY by persons with physical disabilities.

38. Defendants' failure to fulfill its duty to provide access have caused Plaintiffs to suffer injury.

39. As a result of Defendants' violation of Health and Safety Code sections 19955, et. seq., described herein, Plaintiffs are entitled to injunctive relief pursuant to Health and Safety Code section 19953.

WHEREFORE, Plaintiffs request relief as set forth below.

## FIFTH CLAIM

(Unfair Business Practice – Injunctive Relief Only;
Cal. Bus. & Prof. Code §§17200, et. seq.)

40.    Plaintiffs incorporate by reference herein the allegations in paragraphs 1-41, inclusive.

41.    Defendants' conduct, as alleged, is part of a general business practice by Defendants.  Defendants have made a considered decision to promote profit at the expense of Defendants' legal obligations to patrons with disabilities.

42.    Defendants' policies and practices constitute an unfair business practice within the meaning of California business and Professions Code sections 17200, et. seq., in that inter alia, Defendants appeal to, advertise to, and purport to serve persons with disabilities, yet Defendants' facility is inaccessible and illegal, in violation of public policy.

43.    Plaintiffs are entitled to an injunction restraining Defendants from engaging in any act or omission, or failing to engage in any act or omission, the effect of which is to cause, directly or indirectly, discrimination by Defendants against persons with disabilities.

44.    Plaintiffs are also entitled to attorney's fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## SIXTH CLAIM
### (Negligence)

45.  Plaintiffs incorporate by reference herein the allegations in paragraphs 1-46, inclusive.

46.  Defendants had and continue to have a duty to exercise ordinary care.

47.  Defendants failed, and continue to fail, to exercise ordinary care.

48.  As an actual and proximate result of Defendants' failure to exercise ordinary care, Plaintiffs suffered damages in an amount to be determined by proof.

49.  At all times relevant hereto, there was in effect, the Americans With Disabilities Act, California Civil Code sections 51, et. seq., California Civil Code sections 54, et. seq., and California Health and Safety Code sections 19955, et. seq., all of which have required that public accommodations and facilities provide services to people with disabilities which are equal to, and are not inferior to, the services provided to patrons who are not physically disabled.

50.  Defendants' acts and omissions alleged herein are in violation of statutory requirements (including, but not limited to, the Americans With Disabilities Act, California Health and Safety Code sections 51, et. seq., California Business and Professions Code section 17200, et. seq., and public policy, which statues are designed to protect persons with disabilities from the type of harm inflicted on Plaintiffs.

51.  Defendants' conduct thus constitutes negligence and negligence per se.

WHEREFORE, Plaintiffs request relief as set forth below.

## SEVENTH CLAIM

(Declaratory Relief)

52.  Plaintiffs incorporated by reference herein the allegations in paragraph 1-53, inclusive.

53.  Plaintiffs contend, and are informed and believe that Defendants deny that the SUBJECT FACILITY fails to comply with applicable laws prohibiting discrimination against persons with disabilities and are in violation of statues including, but not limited to, California Civil Code sections 54, et. seq., California Civil Code sections 51, et. seq., the ADA, Business

COMPLAINT                                                    −12−

and Professions Code section 17200, et. seq., and California Health and Safety Code sections

19955, et. seq.

54. A judicial declaration is necessary and appropriate at this time in order that each of

the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiffs request relief as set forth below.

## EIGHTH CLAIM

## (VIOLATION OF CALIFORNIA CIVIL CODE, SECTION §3345, UNFAIR OR DECEPTIVE PRACTICES AGAINST SENIOR CITZENS OR DISABLED PERSONS, TREBLE DAMAGES)

55. Plaintiffs incorporate by reference paragraphs 1-56 above.

56. This section shall apply only in actions brought by, on behalf of, or for the benefit of

senior citizens or disabled persons as those terms are defined in subdivisions (f) and (g) of

Section 1761, to redress unfair or deceptive acts or practices or unfair methods of competition.

57. Whenever a trier of fact is authorized by a statute to impose either a fine, or a civil

penalty or other penalty, or any other remedy the purpose of effect of which is to punish or deter,

and the amount of the fine, penalty, or other remedy is subject to the trier of fact's discretion, the

trier of fact shall consider all of the following factors, in addition to other appropriate factors, in

determining the amount of fine, civil penalty or other penalty, or other remedy in an amount up

to three times greater than authorized by the statute, or, where the statute does not authorize a

specific amount, up to three times greater than the amount the trier of fact would impose in the

absence of that affirmative finding:

58. The defendant knew or should have known that his or her conduct was directed to

one or more senior citizens or disabled persons.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for judgment as follows:

1. An order and judgment enjoining Defendants from violating the ADA, 42 United

States Code sections 12101, et. seq., California Civil Code sections 51, et. seq., California Health

and Safety Code sections 19955, et. seq., and California Business and Professions Code sections 17200, et. seq.;

      2. A declaration that the SUBJECT FACILITY is designed and operated in a manner which discriminates against persons with physical disabilities and which fails to provide full access for persons with disabilities as required by law;

      3. Damages in an amount to be determined by proof;

      4. Treble damages pursuant to California Civil Code sections 52(a) and 54.3 and/or punitive damages; and section 1021.5 Code of Civil Procedure;

      5. Treble damages pursuant to California Civil Code section 3345;

      6. Pre-judgement interest pursuant to section 3291 of the Civil Code;

      7. General and compensatory damages according to proof;

      8. All damages as afforded by Civil Code section 54.3 for which the Defendants have denied to Plaintiffs equal access for the disabled;

      9. Plaintiffs' reasonable attorney's fees and costs;

     10. Such other and further relief as the Court deems just and proper.

DATED:  February 25, 2003

Kim F. Mallory, Esq.
Attorney for Plaintiffs
Americans With Disabilities
Advocates, JOSEPH S. TACL and
GEORGE S. LOUIE

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demands a jury for all claims for which a jury

is permitted.

Dated: February 25, 2003

Kim F. Mallory, Esq.
Attorney for Plaintiffs
Americans With Disabilities
Advocates, JOSEPH S. TACL and
GEORGE S. LOUIE



EXHIBIT A



EXHIBIT B



EXHIBIT C



**EXHIBIT D**



EXHIBIT E



EXHIBIT F